**Thomas M. Madden - 044261987**
**MORRISON MAHONEY LLP**
**Waterview Plaza**
**2001 U.S. Highway 46, Suite 200**
**Parsippany, NJ 07054**
**Phone:  973-257-3526**
**Fax:  973-257-3527**
**Attorneys for Defendant, Target Corporation**

| | |
|---|---|
| BITA ZOLFAGHARI,,<br><br>          Plaintiff,<br><br>v.<br><br>TARGET CORPORATION; JOHN DOE 1-10 (fictitious designations); ABC CORPORATIONS 1-10 (fictitious designations),<br><br>          Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION– BERGEN COUNTY<br><br>DOCKET NO.: BER-L-3850-21<br><br>Civil Action<br><br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that Defendant, Target Corporation, a Minnesota Corporation with its principal place of business at 1000 Nicollet Mall, Minneapolis, MN, hereby removes the above-captioned action from the Superior Court of New Jersey, Law Division, Bergen County, to the United States District Court for the District of New Jersey, based upon the following:

1. On or about June 15, 2021, Bita Zolfaghari commenced a civil action by filing a Complaint in the Superior Court of New Jersey, Law Division, Bergen County, entitled Bita Zolfaghari v. Target Corporation, Docket No.: BER-L-3850-21.

2. A Summons was issued on Defendant, Target Corporation, on June 15, 2021.

3. According to the Complaint and upon information and belief, Plaintiff is a citizen of the State of New Jersey.

100529894

4. Defendant, Target Corporation, is incorporated in the State of Minnesota and has its principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota.

5. Diversity of Citizenship existed among the parties when the Complaint was filed on or about June 15, 2021. Diversity of Citizenship still existed among the parties at the time this Notice of Removal is being filed.

7. Based upon Plaintiffs' alleged injuries, coupled with medical bills, it is assumed by this Defendant that Plaintiffs' injuries are in excess of $75,000 exclusive of interests and costs. Therefore, the United States District Court for the District of New Jersey has diversity jurisdiction under 28 U.S.C. Sec. 1332(a), as this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.

8. Pursuant to 28 U.S.C. Sec. 1446(b), this Notice is being filed with this Court within thirty (30) days of Defendant's first receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

9. Pursuant to 28 U.S.C. Sec. 1446(a), copies of the Summons, Complaint, Civil Case Information Statement, Track Assignment Notice and Affidavit of Service, which constitute all process, pleadings and Orders received by Target Corporation or its counsel in this matter, are attached hereto as Exhibit "A".

10. Pursuant to 28 U.S.C. Sec. 1446(d), a copy of this Notice of Removal is being submitted for filing with the Clerk of the Superior Court in Bergen County and is being served upon Plaintiffs' counsel of record.

11. In filing this Notice of Removal, Target Corporation does not waive any defects in service of process, venue or personal jurisdiction.

100529894

**Morrison Mahoney LLP**

Attorneys for Defendant,
Target Corporation

Dated: July 15, 2021

By: *Thomas M. Madden* (signature)
Thomas M. Madden

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that, to the best of my knowledge, aside from the subject state court action, bearing Docket Number BER-L-3850-21, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Pursuant to 23 U.S.C. Sec. 1747, I certify under penalty of perjury that the foregoing is true and correct.

                                            **Morrison Mahoney LLP**

                                            Attorneys for Defendant,
                                            Target Corporation

Dated: July 15, 2021                          By: _____
                                                           Thomas M. Madden

100529894

# Exhibit A

51264117

**AMERI LAW FIRM LLC**
Nima Ameri, Esq. - 026912011
58 Main Street, 3rd Floor
Hackensack, New Jersey 07601
T: 201-880-8999
F: 201-580-4311
*Attorneys for the Plaintiff Bita Zolfaghari*

| | |
|---|---|
| BITA ZOLFAGHARI,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION; JOHN DOE 1-10 (fictitious designations); ABC CORPORATIONS 1-10 (fictitious designations);<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>DIVISION: BERGEN COUNTY<br><br>DOCKET NO.: BER-L<br><br>Civil Action<br><br>**PREMISES COMPLAINT; CERT. PURSUANT TO R. 4:5-1; DEMAND FOR JURY TRIAL; DESIGNATION OF TRIAL COUNSEL; DEMAND FOR ANSWERS TO INTERROGATORIES** |

Plaintiff, BITA ZOLFAGHARI, by and through her counsel, Ameri Law Firm, for her Complaint against the Defendants, state as follows:

1. Plaintiff, BITA ZOLFAGHARI, is an adult individual who is a citizen of New Jersey and resides at the address One Winding Way in the City of Saddle River, County of Bergen and State of New Jersey.

2. At all times relevant herein, Defendant, TARGET CORPORATION, was a corporation which owned, occupied, operated, managed and/or maintained the premises known as 900 Bergen Town Center in the City of Paramus, County of Bergen and State of New Jersey.

3. On or about August 6, 2020, Plaintiff, BITA ZOLFAGHARI, was lawfully on the premises commonly known as 900 Bergen Town Center in the City of Paramus, County of Bergen and State of New Jersey when she was caused to slip and fall.

4. Defendants were responsible for keeping the area safe for individuals, including business invitees, lawfully on the premises.

5. Defendants were negligent in allowing a dangerous condition to exist on the subject premises for an unreasonable length of time.

6. Defendants knew or should have known of the dangerous condition which existed on the premises.

7. As a direct and proximate result of the negligence of Defendants, as aforesaid, Plaintiff, BITA ZOLFAGHARI, was caused to be injured due to the aforesaid dangerous condition and was thus caused to sustain and did sustain serious and permanent personal injuries requiring the care and treatment of physicians, hospitalization and medication and has been and will in the future continue to be hampered in daily routine.

**WHEREFORE,** Plaintiff, BITA ZOLFAHGARI, demands judgment against the Defendants, TARGET CORPORATION and/or JOHN DOE 1-10 (factiously named) ABC Corporation 1-10 (fictitious designations), jointly, severally or in the alternative in the amount of her damages together with interest and costs of suit.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues.

AMERI LAW FIRM

BY: _____
NIMA AMERI, ESQUIRE
Attorney for Plaintiff

Dated: June 15, 2021

### DESIGNATION OF TRIAL COUNSEL

Pursuant to *R.* 4:25-4, Nima Ameri, Esquire, is hereby designated as trial counsel on behalf of plaintiff.

## CERTIFICATION PURSUANT TO R. 4:5-1

I, Nima Ameri, Esquire, do hereby certify to the best of my knowledge, information and belief, that except as hereinafter indicated, the subject matter of the controversy referred to in the within pleading is not the subject of any other Cause of Action, pending in any other Court, or of a pending Arbitration Proceeding, nor is any other Cause of Action or Arbitration Proceeding contemplated. In the event that during the pendency of the within Cause of Action, I shall become aware of any change as to any facts stated herein, I shall file an amended certification and serve a copy thereof on all other parties (or their attorneys) who have appeared in said Cause of Action.

AMERI LAW FIRM

BY: _____
NIMA AMERI, ESQUIRE
Attorney for Plaintiff

Dated: June 15, 2021

## NOTICE OF TIME UNIT RULE

Plaintiff hereby notifies all named defendants that the TIME UNIT RULE shall be utilized at the time of trial.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to New Jersey Court Rule 4:10-2(b), demand is made that EACH DEFENDANT disclose to plaintiff's attorney whether or not there are any insurance agreements or policies under which any person or firm carrying insurance on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide plaintiff's attorney with true copies of those insurance agreements or

polices, including but not limited to, any and all declaration pages. This demand shall include and cover not only primary insurance coverage, but also any and all excess, catastrophe and umbrella policies.

### DEMAND FOR ANSWERS TO UNIFORM AND SUPPLEMENTAL INTERROGATORIES

**PLEASE TAKE NOTICE** that pursuant to Rule 4:17-1(b)(ii)(2), Plaintiff hereby demands answers to **Uniform Interrogatories Form C and Form C (3)** within sixty (60) days of the filing of Defendant's Answers to this Complaint.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 4:17-1(b)(i)(1) and Rule 4:17-2, Plaintiff hereby demands answers to the attached **Supplemental Interrogatories** within sixty (60) days of the filing of Defendant's Answer to this Complaint.

**SUPPLEMENTAL INTERROGATORIES PERMITTED PURSUANT TO RULE 4:17-1(b)(i)**

S1. State whether Defendant or anyone in Defendant's behalf has made or caused to be made any surveillance photographs, video tapes, movies or other recordings of the Plaintiff since the date of the accident, and if so, please state the date(s) upon which such surveillance photographs, video tapes, movies or other recordings were made, the name and address of the person taking or making such surveillance photographs, video tapes, movies or other recordings, what each surveillance photographs, video tapes, movies or other recordings depict. Pursuant to the Rules of Court, this interrogatory is deemed to be continuing and Plaintiff shall rely upon your answer to this interrogatory at the time of trial.

S2. If you contend or will contend that the permanency of Plaintiff's injuries should not be evidential or be considered by the finder of fact, state with detail and with particularity and specificity each and every basis of fact law upon which you will rely to support such contention.

S3. State whether this Defendant occupied the premises where Plaintiff's incident occurred as of the date of Plaintiff's accident.

S4. If this Defendant did not own or occupy the premises where Plaintiff's incident occurred as of the date of the Plaintiff's accident, please state the name and address of the person, firm and/or corporation who did own and/or occupy the premises where Plaintiff's accident occurred as of the date of Plaintiff's accident.

S5. State whether this Defendant conducted any business on the premises where Plaintiff's accident occurred as of the date of Plaintiff's accident, and if so, set forth in detail and with particularity and specificity the nature of the business conducted.

S6. State whether any inspections or tests made of the accident site by Defendant, or anyone in Defendant's behalf, subsequent to the accident alleged by Plaintiff, and if so, please state the date of said inspection or test, an exact description of such inspection or test, the name, address and job title of the person who performed such inspection or test the results of said inspection or test.

# Civil Case Information Statement

### Case Details: BERGEN | Civil Part Docket# L-003850-21

**Case Caption:** ZOLFAGHARI BITA VS TARGET CORPORATION
**Case Initiation Date:** 06/15/2021
**Attorney Name:** NIMA AMERI
**Firm Name:** AMERI & ASSOCIATES
**Address:** 58-60 MAIN STREET 3RD FL HACKENSACK NJ 07601
**Phone:** 2018808999
**Name of Party:** PLAINTIFF : Zolfaghari, Bita
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Bita Zolfaghari?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/15/2021
Dated

/s/ NIMA AMERI
Signed

BITA ZOLFAGHARI

                Plaintiff

vs

TARGET CORPORATION, ET AL

                Defendant

20210615105353

Superior Court Of New Jersey

BERGEN Venue

Docket Number: BER L 3850 21

**Person to be served** (Name and Address):
TARGET CORPORATION
900 BERGEN TOWN CENTER
PARAMUS NJ 07652
**By serving:** TARGET CORPORATION

**Attorney:** NIMA AMERI, ESQ.

**Papers Served:** SUMMONS AND PREMISES COMPLAINT, CIS, CERTIFICATION, NOTICE OF TIME UNIT RULE, DEMANDS, SUPPLEMENTAL INTERROGATORIES

# AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

**Service Data:**  [X] Served Successfully  [ ] Not Served

Date/Time:  6/15/2021 1:21 PM

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship/title:

ODAY IMMACHA

PERSON AUTHORIZED TO ACCEPT SERVICE

**Description of Person Accepting Service:**

SEX: M   AGE: 21-35   HEIGHT: OVER 6'   WEIGHT: OVER 200 LBS.   SKIN: WHITE   HAIR: BROWN   OTHER: BEARD

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant

[ ] No response on:
Date/Time: _____
Date/Time: _____
Date/Time: _____

Other:

**To Be Used Where Electronic Signature Not Available**
**Served Data:**
Subscribed and Sworn to me this

_____ day of _____, 20 _____

Notary Signature: _____

_____   _____
Name of Notary       Commission Expiration

**Docusign Court Approved E-Signature**

I, DAVID SPALDING,
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury, that the foregoing is true and correct.

*DAVID SPALDING*
DFDC33F62ADF488
Signature of Process Server

06/15/2021
Date

Name of Private Server: DAVID SPALDING   Address: 2009 Morris Avenue UNION, NJ 07083   Phone: (800) 672-1952